UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

ALEMAN-RINCON, FELIPE DE JESUS )
)
)
v. ) C.A. No. B-03-161
)
)
PHILIP D. TUTAK, INTERIM DISTRICT )
DIRECTOR, USICE and )
JOHN ASHCROFT, ATTORNEY )
GENERAL OF THE UNITED STATES. )

*United States District Court*
*Southern District of Texas*
*FILED*
*SEP 11 2003*
*Michael N. Milby*
*Clerk of Court*

### PETITION FOR WRIT OF HABEAS CORPUS

Felipe Aleman-Rincon, Petitioner, files the instant Petition for Writ of Habeas Corpus, and shows as follows:

### I. JURISDICTION AND VENUE

1. Jurisdiction herein arises under 28 U.S.C. §§2241 (habeas corpus), and 1331 (federal question).

2. The Petitioner Felipe Aleman-Rincon is under an administratively final order of removal (See Exhibit A) which order places significant restrictions on his liberty not shared by the populace at large, including the fact that he cannot travel outside of the United States. *Jones v. Cunningham* 371 U.S. 236, 240 (1963). His immigration proceedings were held and the removal order was entered at the Harlingen, Cameron County, Texas immigration court.

3. The Respondent Tutak maintains his offices in Harlingen, Cameron County, Texas, within the jurisdiction of this court.

## II. THE PARTIES

4. Petitioner Felipe Aleman-Rincon is a thirty-eight (38) year old native and citizen of Mexico who became a legal permanent resident at the age of fourteen (14). He has a single state court judgment of deferred adjudication on May 11, 2000 for possession of marijuana occurring in October, 1999. Besides this single offense, the Petitioner Felipe Aleman-Rincon has a strong record as a productive member of American society: He has worked as a farm laborer most of his life. His father is a United States citizen and his mother is a legal permanent residents. His siblings are legal permanent residents and two children are US citizens.

5. Respondent Philip Tutak is the Interim District Director of the Harlingen, Cameron County, Texas, office of the Department of Homeland Security ("DHS"). He is sued in his official capacity only.

6. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

## III. THE FACTS

7. Petitioner Felipe Aleman-Rincon was admitted to the United States as a lawful permanent resident ("LPR") when he was fourteen(14) years old, on or about May 14, 1979. On or about May 11, 2000 he was given deferred adjudication for first time possession of marijuana, the criminal act occurring in October, 1999. Mr. Felipe Aleman-Rincon was prosecuted and plead guilty in Brooks County, Texas.

8. Mr. Felipe Aleman-Rincon was sentenced to Deferred Adjudication Community Supervision for a four (4) year period and he remains under the supervision.

9. Immigration proceedings against Petitioner began in May of 2000. In April of

2002, the immigration proceedings were pretermitted in light of the controlling law at the time, and Mr. Alamenda-Rincon was ordered removed.

10. Petitioner appealed the decision to the Board of Immigration Appeals and on August 12, 2003, the Board affirmed the decision of the immigration court without opinion. A copy of the decision is attached as Exhibit B and by reference incorporated herein for all purposes.

11. The Petitioner exhausted his administrative remedies without having an opportunity to present his claim for relief under Sec. 240A(a). Mr. Aleman-Rincon has argued that because he was raised in the United States from his teen-age years, because of his United States citizen children, and United States citizen and legal permanent resident family members living in South Texas, and because of his work record in the United States, he is *prima facie* eligible for 240A(a) relief and entitled to an immigration merits hearing on such an application.

12. During the period of the from the criminal act to the immigration court decision, from approximately 1999 to 2002, several significant legal developments in immigration law impacted upon this case as follows:

√On March 3, 1999, the BIA decided that *In Matter of Manrique*, 21 I&N Dec. 58 (BIA 1995) which had allowed the application of a policy to persons in Petitioner's situation which was analogous to the Federal First Offenders Act had been superseded by 8 USC Sec. 1101(a)(48)(A). *Matter of Roldan* Int. Dec. 3377 (BIA 1999).

√Then on May 11, 2001, in *U.S. vs. Hernandez-Avalos*, 251 F. 3rd 505 (5th Cir. 2001), the Fifth Circuit held that felony possession of a controlled substance constituted an aggravated felony and suggested that uniformity would be promoted if the interpretation of the sentencing guidelines were applied to immigration cases.

√Finally, on February 14, 2002, the Board ruled in *Matter of Salazar*, Int. Dec. 3462 (BIA 2002) that, in light of *Hernandez-Avalos*, op.cit the Fifth Circuit an alien, like Mr. Aleman-Rincon is eligible for no relief.

13. Because Mr. Aleman-Rincon has such a lengthy residence in the United States, so many family members here and such a good employment record, it is likely that he would have qualified for relief under cancellation of removal had this form of discretionary relief been offered to him.

14. Upon information and belief, Petitioner alleges that a significant number of legal permanent residents (herein LPRs) who were otherwise similarly situated, in that they plead guilty to a criminal offense in 1999 or 2000 involving simple first time possession of marijuana and whose guilt was actually adjudicated by a court have either: 1) Received *Manrique* treatment and their proceedings were terminated without further appeal; or 2) filed for and received cancellation of removal.

## IV. THE CAUSE OF ACTION
### HABEAS CORPUS

Petitioner reasserts and incorporates by reference paragraphs 1-14 herein.

Petitioner Mr. Aleman-Rincon asserts that the removal order violates the laws and Constitution of the United States, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

*1. Impermissible Retroactive Application of Law*

Petitioner alleges that the 2001 Fifth Circuit decision followed by the 2002 Board decision impermissibly denied a full hearing, thereby violating his due process rights. Mr. Aleman-Rincon urges that the new definition of aggravated felony applied to Mr.

Aleman-Rincon constituted an impermissible retroactive application of the law to him.

### 2. *Statutory Construction*

#### a. Aggravated Felony

Mr. Aleman-Rincon urges that the Board erred as a matter of law in determining that *U.S. vs. Hernandez-Avalos*, 2001 WL 502383 (5th Cir. 2001) controls whether the deferred adjudication constitutes an aggravated felony.

#### b. Definition of Conviction

Petitioner further contends that the Board, as a matter of law, incorrectly interpreted the meaning of as well as the the Congressional intent of 8 U.S.C 1101(a)(48)(A), as amended in 1996. Specifically, Mr. Aleman-Rincon urges that Congress did not intend to repeal the Federal First Offenders Act as applied to immigrants and/or Congress did not intend by its re-definition of "conviction" to include cases, such as Petitioner's, in which a sentence of unadjudicated probation/deferred adjudication had been imposed by a state criminal court for a first time, simple possession of a controlled substance.

### 3. *Equal Protection*

#### i. Differing Results Depending of Federal or State Criminal Prosecution

Petitioner Mr. Aleman-Rincon also claims, following the reasoning of *Lujan-Armendariz vs. INS*, 222 F.3rd 728 (9th Cir. 2000) that the Board's interpretation of the law as applied to this case violates equal protection because the Board interpretation turns on whether the immigrant was brought into state or federal court as to whether the Federal First Offender Act applies.

#### ii. Differing Results in Different Circuit Jurisdictions

Given the national scope of U. S. immigration law, Mr. Aleman-Rincon also asserts that it violates equal protection for the result of his case to hinge solely on the particular federal circuit in which removal proceedings are held. Had Mr. Aleman-Rincon been in immigration proceeding in the Ninth Circuit, for example, he would not have been subject to removal at all; had the proceedings been begun in the Third or

Eleventh Circuits, he would have been eligible to apply for cancellation of removal.

### iii. Different Results Due to Timing of Proceedings

Mr. Aleman-Rincon would show that the treatment of his case has depended on the timing of law changes and court rulings. This is best exemplified in the instant proceeding itself, in which the 2001 decision, *Hernandez-Avalos*p. cit. , serves as the basis for the Board Decision, but the *INS vs. St. Cyr.* 121 S. Ct. 2271(2001) decision of the U.S. Supreme Court one month later is ignored. Other varying results were also possible, based on court rulings in other cases, depending upon the date of hearing, date of law changes and date of court rulings. Some of these possibilities include:

| *Timing of Statute/Court Decisions* | *Result* |
|---|---|
| Between March 3, 1999-May 11, 2001 | Cancellation of Removal Hearing |

Petitioner Mr. Aleman-Rincon believes that if he had received any of the merits hearings outlined above he probably would have received the grant of the relief sought from the Immigration Court. Any appeal and further use of the court system would only have been by the INS complaining of the grant of the requested relief in light of the use by the Immigration Judge of his discretion rather than on the timing of consideration of the case. It violates equal protection for the result of whether Mr. Aleman-Rincon is given an immigration court merits hearing and allowed the possibility of remaining in the United States, or instead is denied a merits hearing and barred from continued lawful permanent resident status, separated from his family and permanently barred from returning to the United States, based solely on the timing of immigration proceedings.

### 4. Substantive Due Process

Petitioner Mr. Aleman-Rincon further and/or in the alternative asserts that a deportation of him from the United States would violate a fundamental liberty interest which he has to live and work in the United States and a right to unite with his family within the United States. *Landon vs. Plasencia*, 459 U.S. 21, 34 (1982); *Bridges vs. Wixon*

326, U.S. 326 U.S. 135, 154(1945). In *Plasencia*, the Court wrote:

> Plasencia's interest here is, without question, a weighty one. She stands to lose the right "to stay and live and work in this land of freedom...Further she may lose the right to rejoin her immediate family, a right that ranks high among the interests of the individual. *Op. cit.* P.34.

As a lawful permanent resident, Mr. Aleman-Rincon enjoys the same Due Process rights, including substantive Due Process rights.

A violation of the constitutional protection to substantive due process exists when a provision, or a combination of provision, such as exists in this case operate together to create an unjustifiable conclusive presumption which is so broad that it does not meet a compelling state interest. *United States v. Salerno*, 481 U.S. 739, 747 (1987). In the instant case, the combination of the 1996 law changes brought by the Antiterrorism and Effective Death Penalty Act of 1996 (herein AEDPA), the Illegal Immigration Reform and Immigrant Responsibility Act (herein IIRIRA), which re-defined 8 U.S.C. Sec. 1101(a)(48)(A) regarding "conviction" and 8 U.S.C. 1229 B(a) which denied discretionary relief to anyone with an aggravated felony with the statutory and court established overly broad and variable definitions of the term, all create an unconstitutional presumption that all lawful permanent residents who have such a court adjudication should be barred from the United States, even when the state criminal system has determined that it is appropriate as a first time offender with a simple, non-assaultive situation to forego an adjudication of guilt and to grant community supervision.

### 5. Procedural Due Process

Petitioner Mr. Aleman-Rincon, additionally and/or in the alternative, urges that the Board's decision deprives him of procedural due process as required by the U.S. Constitution. *Reno v. Flores* 507 U.S. 292, 306 (1993). The Petitioner asserts an entitlement to "fair notice" of a law change. In Mr. Aleman-Rincon's case, at the time

of his criminal conduct and his guilty plea, immigration hearings on an application for Sec. 240A(a) relief under the Immigration and Nationality Act were being granted. But by the passage of time prior to the hearing on the merits, the law changed and Petitioner was denied a merits hearing. This result could not have been contemplated at the time of Mr. Aleman-Rincon's guilty plea. The concept of fair notice applies not just to criminal cases but also to civil penalties, such as deportation. The U.S. Supreme Court has addressed the impermissible retroactive change in a civil penalty in *BMW vs. Gore,* 517 U.S. 559, 574, (1996). It stated:

> Elementary notice of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose.

Because Mr. Aleman-Rincon had no notice of the civil penalty facing him at the time he plead guilty and because the penalty is much harsher than it was at the time of either his criminal conduct and/or the date of the order of deferred adjudication, the law is imposed in a retroactively impermissible fashion.

In addition, Mr. Aleman-Rincon urges that the failure of the Board of Immigration Appeals (BIA) to provide any basis for its decision, Exhibit B hereto, constitutes an additional basis for a claim of a due process violation. Specifically, this summary BIA review and decision-making deprives the Petitioner of notice of the basis for decision, and makes any legal challenge to the decision difficult because of lack of reason for the decision.

This legal permanent resident in the U.S. from his teen-age years was without notice of the penalties facing him years down the road at the time of his 2000 guilty plea, and remains without notice of the grounds of the BIA decision.

### 6. *International Law and Treaty Obligations*

As an additional or alternative basis for the granting of the Writ of Habeas Corpus, Petitioner Mr. Aleman-Rincon would show that the Board decision violates international law and treaty obligations between the United States and Mexico, Mr.

Aleman-Rincon's birth place. *Universal Declaration of Human Rights*. Doc.A/811, Part III Articles 13, 15 and 26 (1948).

Respectfully Submitted,

Paula S. Waddle, Attorney in Charge
South Texas Immigration Council
107 N. 3rd
Harlingen, TX 78550
(956) 425-6987
(956) 425-7434(fax)
State Bar No 26030400
Fed. I.D. No. 5674

## VERIFICATION

I, Paula S. Waddle, hereby certify that I am familiar with the removal case of the named Petitioner, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

Paula S. Waddle
September 11, 2003

## CERTIFICATE OF SERVICE

I, Paula S. Waddle, hereby certify that a copy of the foregoing was delivered by certified mail return receipt requested to Ms. Lisa Putnam, SAUSA, DHS District Office, at 1701 Zoy, Harlingen, Texas 78550, this 11th day of September, 2003.

Paula S. Waddle

IMMIGRATION JUDGE
2009 E. JACKSON STREET
HARLINGEN, TX 78550

In the Matter of                              Case No: A36 585 098

ALEMAN-RINCON, FELIPE DE JESUS
    Respondent                               IN REMOVAL PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Apr 24, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[✓] The respondent was ordered removed from the United States to
    MEXICO or in the alternative to
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to MEXICO or in the
    alternative to
[ ] Respondent's application for voluntary departure was granted until
    upon posting a bond in the amount of $ _____
    with an alternate order of removal to MEXICO.
[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[✓] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted (✓)denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give affect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated
[ ] Other: _____

Date: Apr 24, 2002
Appeal: Waived/Reserved    Appeal Due By: May 24, 2002

                                              Howard Achtsam
                                              _____
                                              HOWARD E. ACHTSAM
                                              Immigration Judge

YM

EXHIBIT
A

| | |
|---|---|
| **U.S. Department of Justice**<br>Executive Office for Immigration Review | Decision of the Board of Immigration Appeals |

Falls Church, Virginia 22041

File:   A36-585-038 - HARLINGEN              Date: AUG 12 2003

In re:  ALEMAN-RINCON, FELIPE DE JESUS

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Waddle, Paula

ON BEHALF OF DHS:  Clancy, Sean D.

ORDER:

   PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. See 8 C.F.R. § 1003.1(e)(4).

_____
FOR THE BOARD

EXHIBIT B